**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

MARK WILLIAM THOMAS,
BERTRAM M. BROWN, and
C. RALPH COPELAND, JR.,
*on behalf of themselves and
those similarly situated*

        Plaintiffs,

v.                                                                                  Civil Action No: 3:18-cv-00684-MHL

EQUIFAX INFORMATION SERVICES, LLC

        Defendant.

**COMPLAINT**

Plaintiffs, MARK WILLIAM THOMAS, BERTRAM M. BROWN and C. RALPH COPELAND, JR., on behalf of themselves and all others similarly situated, file this Class Action Complaint against EQUIFAX INFORMATION SERVICES, LLC ("Equifax" or "Defendant"). Plaintiffs allege, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

**NATURE OF THE CASE**

1.    This is a consumer class action brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a–x ("FCRA"), against Equifax, a national consumer reporting agency. Equifax prepares and furnishes consumer reports that include tax liens. Equifax diligently collects the initial entry of tax liens, however when a later event occurs with respect to those records, for example, when a lien is withdrawn or released, Equifax does not collect the subsequent disposition of that lien.

2. Equifax uses a third-party vendor to gather and report public-record information, including the tax liens at issue in this case. Equifax is aware that its vendor fails and has failed to timely gather these dispositions, and as a result, that Equifax's own systems routinely fail to update such information when tax liens are withdrawn or released. This failure to timely update public records to reflect the updated status of the tax liens is a violation of 15 U.S.C. § 1681e(b) because Equifax has not implemented reasonable procedures to ensure the maximum possible accuracy of the information in its consumer reports concerning the individual about whom the report(s) relate.

3. Plaintiffs and each putative class member were the subject of a consumer report published to a third party which inaccurately reflected that a tax lien against them was still due and owing at such time as it had been released or withdrawn.

**PARTIES**

4. Plaintiff Mark William Thomas is an adult individual residing in Henrico, Virginia and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Plaintiff Bertram M. Brown is an adult individual residing in Hopewell, Virginia and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Plaintiff C. Ralph Copeland, Jr. is an adult individual residing in Montpelier, Virginia and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC, ("Equifax"), is a foreign limited liability company authorized to do business in the Commonwealth of Virginia, through its registered offices in Richmond, Virginia.

8. Upon information and belief, Equifax is a consumer reporting agency as defined in 15 U.S.C. §1681a(f). Upon information and belief, Equifax regularly engaged in the business of

assembling, evaluating and disbursing consumer information to furnish consumer reports to third parties as defined in 15 U.S.C. §1681a(d).

9. Upon information and belief, Equifax disburses such consumer reports to third parties under contracts for monetary compensation.

## JURISDICTION & VENUE

10. The Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## FACTUAL ALLEGATIONS

12. Defendant is one of the "big three" credit reporting agencies ("CRA") operating within the United States.

13. Defendant sells consumer reports (commonly called "credit reports") about millions of consumers annually, including consumers that reside throughout the Commonwealth of Virginia.

14. Unlike credit accounts which are reported directly to Equifax by creditors, Equifax affirmatively seeks out and purchases public-records data from third parties who have no relationship with the consumer. These records include Virginia state and federal tax liens. Equifax proactively gathers and disseminates this derogatory information even though there is nothing in the FCRA that affirmatively requires it to do so.

15. Equifax historically obtained all of its public records from a single third-party entity, LexisNexis.

16. During all times relevant to this action, Equifax has never performed any independent audit of the substantive accuracy of the Hanover County Circuit Court public records that LexisNexis sells it. While Defendant claims to have performed statistical or data integrity reviews, it has never systematically compared the LexisNexis records it receives to the actual public records to determine how many Hanover County Circuit Court tax lien releases have been filed in the various courts but have nonetheless not been applied to those lien records that appear within its credit files.

17. Equifax has long been aware of the problems alleged herein and the failure of its current procedures to ensure that it only publishes complete and accurate public records.

18. Equifax has not retrieved actual public records from courthouses or actual government offices itself for many years.

19. Equifax does not follow reasonable procedures to gather updated information from the courts when tax lien statuses or dispositions change. Instead, Equifax publishes data that it knows would be inaccurate if a change in the disposition occurred—relying on consumers to clean up their own files via the dispute process after learning of the inaccuracy, rather than proactively paying to have these dispositions adequately and reasonably collected with the same vigor that it collected records of the initial entry of the tax liens.

20. The methods and processes used by Equifax and its vendor to gather Hanover County Circuit Court public records and to use (or fail to use) those records to update its files were materially the same throughout the class period.

21. At all times pertinent to this Complaint, Equifax's conduct regarding the collection of public-record information was willful and carried out with reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, Equifax's conduct

was willful because it was intentionally accomplished through its intentionally implemented procedures.

22. Equifax has also been on notice of these issues throughout the pendency of the multiple actions brought against it and its industry allies, Experian and Trans Union, going back as far as 2008 when it was first sued in Virginia in the *Soutter v. Equifax Information Solutions, LLC* matter.

23. As a result of Equifax's conduct, Plaintiffs and the putative class members suffered particularized and concrete injuries, including damages to their reputations, reductions to their credit scores, and increased risks that they would be denied credit.

24. Defendant's practices and procedures regarding the reporting of tax lien information, specifically its failure to report the most up-to-date status of paid and released tax lien, causes widespread harm to those consumers with tax liens filed in Hanover County Circuit Court.

## FACTS AS TO THE NAMED PLAINTIFFS

25. On or about March 5, 2012, the Internal Revenue Service filed a federal tax lien against Mark W. Thomas for $46,487 in back taxes.

26. The Internal Revenue Service filed a Certificate of Release of Federal Tax Lien with the Hanover County Circuit Court with respect to this lien on July 14, 2015.

27. On or about June 21, 2006, the Internal Revenue Service filed a federal tax lien against Bertram M. Brown for $67,425 in back taxes

28. The Internal Revenue Service filed a Certificate of Release of Federal Tax Lien with the Hanover County Circuit Court with respect to this lien on June 1, 2015.

29. On or about March 23, 2005 the Internal Revenue Service filed a federal tax lien against C. Ralph Copeland, Jr. for $15,229 in back taxes.

30. The Internal Revenue Service filed a Certificate of Release of Federal Tax Lien with the Hanover County Circuit Court with respect to this lien on May 22, 2006.

31. The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

32. At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out with reckless disregard of its obligations as set forth in § 1681e(b) of the FCRA.

33. Discovery will show that Equifax's collecting and reporting the initial entry of tax liens is believed to be of greater economic value to its governmental customers that wish to collect the tax debt than collecting and reporting information indicating that a tax lien has been paid, satisfied or cancelled.

34. The reporting of the Plaintiffs' tax liens as oustanding and unresolved by Equifax after such time as the tax lien releases had been filed and were publically available in the courthouse was inaccurate, and in doing so, Equifax failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiffs' consumer reports. Specifically, Equifax does not follow the same automated and systematically rigorous processes to obtain all releases and withdrawals of tax liens as it follows to obtain the original tax lien information.

35. Indeed, Equifax follows no procedure which assures that every time a tax lien in Hanover County Circuit Court is released, withdrawn or cancelled that the updated status is promptly obtained and reflected upon the consumer's credit report, prior to such time as the consumer notices the problem and takes the time to dispute it.

36. Instead, Equifax continues to blindly report the tax lien balance that it originally received through its vendor, knowing full well that such reporting will be inaccurate in many cases.

37. At all times pertinent hereto, Defendant was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

## CLASS ACTION ALLEGATIONS

38. Plaintiffs reallege and incorporate by reference all preceding paragraphs as alleged above.

39. Plaintiffs bring this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

All natural persons who: (i) were the subject of a tax lien recorded in any Circuit Court within the Commonwealth of Virginia (ii) where the tax lien appeared within an Equifax consumer report dated within the five year period preceding the filing date of this Complaint, and (iii) where the public record filing of the related governmental agency indicated that the tax lien had been released or withdrawn on a date at least 30 days prior to the date of the Equifax consumer report.

40. Plaintiffs also bring this action on behalf of various portions of the Class described as the following subclasses:

### Subclass 1: The Federal Tax Lien Subclass

All natural persons who: (i) were the subject of a federal tax lien recorded in any Circuit Court within the Commonwealth of Virginia (ii) where the tax lien appeared within an Equifax consumer report dated within the five year period preceding the filing date of this Complaint, and (iii) where the Department of the Treasury – Internal Revenue Service public record filing indicated that the tax lien had been released or withdrawn on a date at least 30 days prior to the date of the Equifax consumer report.

7

### Subclass 2:  The Hanover County Subclass

All natural persons who: (i) were the subject of a tax lien recorded in the Hanover County Circuit Court (ii) where the tax lien appeared within an Equifax consumer report dated within the five year period preceding the filing date of this Complaint, and (iii) where the public record filing of the related governmental agency indicated that the tax lien had been released or withdrawn on a date at least 30 days prior to the date of the Equifax consumer report.

### Subclass 3:  The Hanover County and Federal Tax Lien Subclass

All natural persons who: (i) were the subject of a tax lien recorded in the Hanover County Circuit Court (ii) where the tax lien appeared within an Equifax consumer report dated within the five year period preceding the filing date of this Complaint, and (iii) where the Department of the Treasury – Internal Revenue Service public record filing indicated that the tax lien had been released or withdrawn on a date at least 30 days prior to the date of the Equifax consumer report.

41.     **Numerosity. FED. R. CIV. P. 23(A)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief Defendant sells hundreds if not thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

42.     **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(A)(2).** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Defendant willfully violated the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the tax lien information that it reported.

43. **Typicality. FED. R. CIV. P. 23(A)(3).** Plaintiffs' claims are typical of the claims of each Class member. Plaintiffs have the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

44. **Adequacy. FED. R. CIV. P. 23(A)(4).** Plaintiffs are adequate representatives of the Class. Their interests are aligned with and are not antagonistic to, the interests of the members of the Class they seek to represent, they have retained counsel competent and experienced in such litigation, and they intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of members of the Class.

45. **Predominance and Superiority. FED. R. CIV. P. 23(B)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expenses to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSES OF ACTION

**COUNT I – Violations of 15 U.S.C. § 1681e(b)**
**(Class Claim)**

46. Plaintiffs incorporate by reference those paragraphs set out above as though fully set forth herein.

47. The above-mentioned reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

48. Equifax failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of the tax lien information in the consumer reports it prepared regarding Plaintiffs and the Class members.

49. Pursuant to 15 U.S.C. §§ 1681n and o, Equifax is liable to Plaintiffs and all Class members for its failure to comply with FCRA § 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) punitive damages in an amount to be determined by the jury; (3) attorney's fees; and (4) litigation costs, as well as such further equitable and declaratory relief as may be permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs and the putative Class Members seek the following relief:

a. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing the Plaintiffs and the undersigned counsel of record to represent same;

b. An award of statutory and punitive damages for each of the Plaintiffs and the Class;

c. An award of pre-judgment and post-judgment interest as provided by law;

d. An award of attorneys' fees and costs; and

e. Such other equitable and declaratory relief as the Court deems just and proper.

## TRIAL BY JURY

Plaintiffs hereby request a trial by jury on those causes of action where a trial by jury is allowed by law.

Respectfully submitted,

MARK WILLIAM THOMAS,
BERTRAM M. BROWN, and
C. RALPH COPELAND, JR. *on behalf of themselves and all others similarly situated*,

By: */s/Leonard A. Bennett*
Leonard A. Bennett, VSB# 37523
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: 757-930-3660
Facsimile: 757-930-3660
Email: lenbennett@clalegal.com

Matthew J. Erausquin, VSB# 65434
**CONSUMER LITIGATION ASSOCIATES, P.C.**
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: 703-273-7770
Facsimile: 888-892-3512
Email: matt@clalegal.com

*Attorneys for Plaintiffs*